UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED

98 FEB 24 PM 3: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

JEFFREY EDWARD WILSON and
ANGELA WILSON,                    )

    Plaintiffs,                  )

vs.                               )        CV97-S-2717-NW

NAVISTAR INTERNATIONAL            )
TRANSPORTATION CORPORATION,
f/k/a INTERNATIONAL               )
CORPORATION COMPANY;
DEMPSTER EQUIPMENT COMPANY;       )
DEMPSTER EQUIPMENT SALES, INC.,
                                  )
    Defendants.
                                  )

ENTERED

FEB 2 5 1998

## MEMORANDUM OPINION

This action, and a companion case numbered CV97-S-2718-NW, recently were reassigned to the undersigned. A careful review of the file reflects the following.

Plaintiffs filed this action in the Circuit Court of Colbert County, Alabama, on September 5, 1997, asserting claims against defendants Navistar International Transportation Corporation, formerly known as "International Corporation Company," and Dempster Sales, Inc.,[1] for injuries sustained by plaintiff Jeffery Edward Wilson on September 5, 1995, while riding as a passenger in an allegedly defective "refuse truck" designed, manufactured, sold, or distributed by defendants to Wilson's employer, BFI Industries. Jeffery Edward Wilson seeks compensatory and punitive damages for

---

[1]According to state court records, Navistar was served on September 11, 1997, and Dempster Sales, Inc. was served on September 12, 1997.

breach of the Alabama Extended Manufacturer's Liability Doctrine (Count One), negligent and/or wanton design, manufacture, distribution, sale, modification, alteration, or repair (Count Two), failure to warn (Count Three), breach of express and implied warranties (Count Four), and negligent and/or wanton service, installation, maintenance, modification or repair of a motor vehicle (Count Five). His wife, Angela Wilson, seeks damages for her loss of consortium (Count Six). The Wilsons' complaint was amended on September 15, 1997, to add Dempster Equipment Company as a defendant.[2]

A notice of removal was filed in this court on October 14, 1997, by Navistar International Transportation Corp., with the consent of Dempster Equipment Company and Dempster Sales, Inc. Upon review of the removal materials, this court finds that it lacks subject matter jurisdiction, and the action is due to be remanded to the Circuit Court of Colbert County, Alabama.

## I. DIVERSITY JURISDICTION

Federal courts are forums of limited jurisdiction. *E.g.,* *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "It is to be presumed that a cause lies outside this limited jurisdiction,

---

[2]According to state court records, this defendant was served on September 18, 1997.

2

and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted).

Defendants assert federal jurisdiction based on diversity of citizenship and the requisite amount in controversy: *i.e.*, a district court has original jurisdiction over all cases where the action is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) & (a)(1).

Plaintiffs are residents of the State of Alabama. Defendant Navistar is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Illinois. Defendant Dempster Sales, Inc. is a foreign corporation organized under the laws of, and with its principal place of business in, the State of Tennessee. Defendant Dempster Equipment Company is a foreign corporation organized under the laws of, and with its principal place of business in, the State of Georgia. Therefore, the requirement of complete diversity of citizenship is satisfied. Proof of the requisite amount in controversy is another matter, however.

The burden of proving the requisite amount in controversy rests with the removing defendant. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 403 (M.D. Ala.

3

1995).  Where a plaintiff has specifically claimed _less than_ the
jurisdictional amount in a state court complaint, the removing
defendant must show to a "legal certainty" that the plaintiff would
not recover less than $75,000, if he or she prevailed.  *Burns v.
Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> The rationale is that although a defendant has a right to
> remove in certain cases, a plaintiff is still master of
> her own claim. ... Noting an attorney's twin duties to
> investigate his client's case and be candid with the
> court, we reasoned that a pleading containing a specific
> demand of damages and signed by a lawyer was due
> deference and a presumption of truth. ... We concluded
> the defendant's burden was a "heavy one" and the legal
> certainty standard was therefore appropriate. ... Any
> lesser burden would impermissibly expand federal
> diversity jurisdiction. ...

*Tapscott*, 77 F.3d at 1356 (citing *Burns*, 31 F.3d at 1095-97).

On the other hand, where, as in the present action, a
plaintiff has made an _unspecified demand_ for damages, the rule is
different.  In such cases, the Eleventh Circuit instructs that

> a low[] burden of proof is warranted because there is
> simply no estimate of damages to which a court may defer.
> Nevertheless, a defendant's ability to remove a state
> case to federal court is not unfettered.  The proper
> balance between a plaintiff's right to choose his forum
> and a defendant's right to remove, without unnecessarily
> expanding federal diversity jurisdiction, is struck by a
> preponderance of the evidence standard.  As the *Gafford*
> Court stated:

> > It does not place upon the defendant the
> > daunting burden of proving, to a legal
> > certainty, that the plaintiff's damages are
> > not less than the amount-in-controversy
> > requirement.  Such a burden might well require
> > the defendant to research, state and prove the
> > plaintiff's claim for damages.  On the other
> > end of the spectrum, requiring the defendant

4

> to prove that the amount in controversy "may"
> meet the federal requirement would effectively
> force the plaintiff seeking remand to prove in
> rebuttal that only a relatively small amount
> of damages is legally possible.

*Gafford*, 997 F.2d at 159 (footnote omitted). Thus, we
hold where a plaintiff has made an unspecified demand for
damages in state court, a removing defendant must prove
by a preponderance of the evidence that the amount in
controversy more likely than not exceeds the $[75],000
jurisdictional requirement.

*Tapscott*, 77 F.3d at 1357 (citing *Gafford v. General Electric Co.*,
997 F.2d 150 (6th Cir. 1993)) (emphasis supplied).

Here, plaintiffs seek only "an amount to be awarded by the
jury" for each claim. (Complaint at 4-6.) Thus, defendants must
prove by a preponderance of the evidence that those demands, if
met, more likely than not would yield a recovery in excess of the
$75,000 jurisdictional requirement.

Defendants' showing on this point begins with the conclusory
assertion that

Plaintiffs seek to recover damages in excess of
$75,000.00 from the Defendants. Although the underlying
Complaint seeks a non-specific amount of combined
compensatory and punitive damages, the Defendant avers
that jury verdicts in numerous Circuit Courts in the
State of Alabama based upon a breach of the Alabama
Extended Manufacturer's Liability Doctrine, breach of
warranty, failure to warn, and the negligent and/or
wanton service, modification or repair of a motor vehicle
have regularly and routinely awarded large punitive
awards against foreign vehicle manufacturers well in
excess of the $75,000.00 jurisdictional amount.

(Defendants' Notice of Removal ¶ 2.) Defendants then cite four
Alabama cases in which plaintiffs alleging violations of the AEMLD

5

were awarded damages exceeding $75,000. *See Ford Motor Co. v. Burdeshaw,* 661 So. 2d 236 (Ala. 1995)(affirming $1,225,000 verdict for wrongful death in negligence action against automotive manufacturer); *General Motors Corp. v. Saint,* 646 So. 2d 564 (Ala. 1994)(reversing jury verdict of $13,000,000 for permanent brain injury in AEMLD action); *Volkswagen v. Marinelli,* 628 So. 2d 378 (Ala. 1993)(affirming $1,566,666 verdict for wrongful death of two minors); *General Motors v. Johnston,* 592 So. 2d 1054 (Ala. 1992)(affirming $15,000,000 verdict for wrongful death of minor). That presentation falls short of meeting defendants' burden.

Although defendants correctly assert that they may meet their burden by pointing to similar cases which resulted in verdicts for more than the jurisdictional amount, the cases cited by defendant are not sufficiently similar to convince this court that plaintiffs' claims, more likely than not, are worth more than $75,000. None of the cases cited involved facts similar to this action, in which plaintiff seeks compensation for personal injuries caused by a truck's defective brakes. Three of the cases cited by defendants are wrongful death cases, and the other case, for a permanent brain injury, was reversed on appeal. Most importantly, not one of the cases cited by defendant was tried in the Circuit Court of Colbert County, Alabama, in which this action originally was filed. Defendants present no evidence that juries in Colbert County have ever awarded an amount in excess of $75,000 for a claim

6

similar to plaintiffs', much less that, more likely than not, they would do so in this instance.

On matters of federal jurisdiction, the tie goes to state court. *Burns*, 31 F.3d at 1095 ("in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court"). Accordingly, the court finds that defendant has not shown by a preponderance of evidence that plaintiffs' recovery, if they prevail, more likely than not will exceed $75,000. Thus, jurisdiction in this court is not proper. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **24ᵗʰ** day of February, 1998.

United States District Judge

7